**DELAWARE AND HUDSON RAILWAY COMPANY, Plaintiff-Appellee,**

v.

**UNITED TRANSPORTATION UNION et al., Defendants-Appellants.**

**No. 638, Docket 72–1130.**

United States Court of Appeals, Second Circuit.

Argued April 12, 1972.

Decided May 31, 1972.

Homer E. Peters, Albany, N. Y. (McClung, Peters & Simon, Albany, N. Y., on the brief), for defendants-appellants.

John H. English, Albany, N. Y., for plaintiff-appellee.

Before FRIENDLY, Chief Judge, and SMITH and OAKES, Circuit Judges.

PER CURIAM:

This appeal is from Judge Port's grant of a permanent injunction against appellant United Transportation Union (Union) [1] and its officers and members, prohibiting a strike or other concerted action against the Delaware and Hudson Railway Company (D & H) [2] in connection with a dispute that was submitted by the D & H to the National Railroad Adjustment Board (NRAB) on January 7, 1971, pursuant to the Railway Labor Act, 45 U.S.C. § 151 et seq. The dispute arose in connection with the delivery of cars by the old Erie Railroad (Erie) to the D & H's Liberty Street and Patch Yards at Binghamton, New York.

Under a May 6, 1946, agreement between the D & H and the Union, certain designated Erie trains and "[s]olid Erie trains of 40 cars or more" were to be delivered directly to the Patch Yard of appellee by the Erie's own crews, while "[a]ll other cars coming in on Erie trains" were to be left at the Liberty Street Yard and "delivered by D & H yard crews" to the Patch Yard. Since the 1960 merger between Erie and the Delaware, Lackawanna & Western Railroad (resulting in the Erie-Lackawanna Railroad), it has become increasingly difficult to apply the 1946 yard interchange agreement. Commingling of cars, consolidation of trains, and new schedules have complicated the task of identifying Erie cars and trains.

In March 1967 the Union served upon the D & H a "Section 6 Notice," pursuant to 45 U.S.C. § 156, setting forth intended changes in the working agreement between the parties. As a counterproposal, elimination of the 1946 yard interchange agreement was put forth by the D & H in its own Section 6 Notice. Following unproductive conferences between the parties the issues were submitted to the National Mediation Board (NMB), pursuant to 45 U.S.C. § 155. At this point, the issue was a "major dispute" within the Railway Labor Act, see Missouri-Illinois R. R. v.

1. The predecessor Union was the Brotherhood of Railroad Trainmen. Because the name change is irrelevant to this case, the term "Union" refers to the predecessor and successor unions.

2. Since 1968 the Delaware and Hudson Railway Company has continued the operations of its predecessor, the Delaware and Hudson Railroad Corporation. The change in ownership is entirely immaterial to this case, and "D & H" is used to refer to the predecessor and successor railway companies.

Order of Ry. Conductors, 322 F.2d 793 (8th Cir. 1963), thus prohibiting the issuance of any injunction.

On September 11, 1970, the Union threatened the strike now enjoined, claiming that the D & H had by its conduct eliminated the 1946 yard agreement, thereby unlawfully changing the status quo of a matter before the NMB. The D & H thereupon immediately withdrew its counterproposal to eliminate the 1946 yard agreement, advised the Union accordingly, and promptly sought and obtained a temporary restraining order from the District Court for the Northern District of New York. A permanent injunction ultimately issued.

■ This appeal was essentially briefed on the question whether the appellee was estopped from treating this dispute as a "minor" one, since elimination of the 1946 yard agreement was included by the D & H in its Section 6 notice.[3] Judge Port held—quite properly, we think—that neither the filing nor the withdrawing of the D & H's counterproposal to eliminate the 1946 yard agreement determined the nature of the dispute. In doing so he followed Judge Waterman's admonition, in Rutland Ry. Corp. v. Brotherhood of Locomotive Engineers, 307 F.2d 21, 33 (2d Cir. 1962), cert. denied, 372 U.S. 954, 83 S.Ct. 949, 9 L.Ed.2d 978 (1963), that the label placed on a dispute by the contestants should not be given "undue emphasis." *See also* In re Hudson & Manhattan R. R., 172 F.Supp. 329 (S.D.N.Y.), aff'd *sub nom.* Stichman v. General Grievance Committee of the Brotherhood of R.R. Trainmen, 267 F.2d 941 (2d Cir. 1959) (per curiam), cert. denied, 363 U. S. 843, 80 S.Ct. 1608, 4 L.Ed.2d 1727 (1960). Since the resolution of the dispute required interpretation of the 1946 yard agreement, the court below also quite properly held that the dispute was a "minor" one under the Act. In re Hudson & Manhattan R.R., *supra.*

■ At oral argument the Union, apparently realizing that its legal position on the merits was derailed, made the main track of its argument a request for court permission allowing individual employees to file claims in respect to the alleged failure of the D & H to abide by the 1946 yard agreement. Such permission is sought for a period running at least from April 24, 1969, the date on which the Union wrote the D & H superintendent seeking the symbols of Erie-Lackawanna trains being delivered to the D & H at Binghamton, to January 8, 1971, the date on which the D & H informed the court below, after trial on the merits, that the issue had been submitted to the NRAB for the binding decision it may make (note 3 *supra*). The equity in the Union's position arises from the 30-day time limitation on the filing of claims for loss of work.[4] Until the dispute was actually submitted to the NRAB, individual employees were mistakenly lulled into not filing claims, relying upon the D & H's treatment of the dispute as a "major" one by having made its Section 6 counterproposal.

Although an argument may be made for limiting the time within which claims may be filed to the date of September 11, 1970, when the D & H withdrew its Section 6 notice, we believe there is substantial merit to the Union's equitable position. See L. Hand, J., in Albert v. Martin Custom Made Tires Corp., 116 F.2d 962, 965 (2d Cir. 1941) ("Mistake is one of the commonest grounds for equitable relief . . . .").

3. A "minor dispute" may be submitted by either party to a final and binding decision of the National Railroad Adjustment Board (NRAB), 45 U.S.C. §§ 153 First (i), (m), pending which no self-help is permissible. Brotherhood of R.R. Trainmen v. Chicago River & I.R.R., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957).

4. "Initial time claims shall be filed currently, but in no event shall consideration be given to claims filed later than thirty (30) days from the date for which claim is made . . . ." Art. 25F, The Delaware and Hudson Railroad Corporation, Rates of Wages and Rules Affecting the Employment of Trainmen and Switchtenders (eff. July 1, 1953).

We are not in a position, as an appellate court, however, to determine and delineate the true equities in this situation on this record. We do not know, indeed, whether there are in fact claims which arose during this period. We do not wish, on a record insufficient for this purpose, to limit the district court's determination of appropriate dates within which accrued claims should be allowed, or the time within which they must now be filed or forever barred. All of these matters are entirely appropriate for the district court's exercise of its equitable jurisdiction to the end that justice may be wrought.

Order granting injunction affirmed, case remanded for proceedings not inconsistent with this opinion.